949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Burnell Lee EVERETT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-55429.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 5, 1991.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Everett appeals a summary judgment dismissing his Federal Tort Claims Act action against the United States (Government). We have jurisdiction and we affirm.
 
 
 3
 Everett filed this action alleging wrongful injury by a Government officer. On December 26, 1989, the Government filed a motion for summary judgment. Everett filed no opposing papers to the Government's motion. On February 26, 1990, the district court granted summary judgment against Everett. Everett filed no subsequent motions with the district court. He timely appealed.
 
 
 4
 We review a grant of summary judgment de novo. Viewing the evidence in a light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). If a nonmovant bears the burden of proof on an issue, summary judgment is appropriate when he fails to make a showing sufficient to establish an essential element of his case. The movant need not negate the essential element. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). When the movant carries his burden by pointing to a lack of support for essential elements upon which the nonmovant bears the burden of proof, the nonmovant must come forward with " 'specific facts showing that there is a genuine issue for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis added by opinion). We view the record taken as a whole to determine whether a genuine issue exists. Id. at 587.
 
 
 5
 The Government moved for summary judgment on an issue for which Everett bore the burden of proof. Everett filed no opposing papers setting forth specific facts showing that there is a genuine issue for trial. Because the Government's responsibility in these circumstances is limited to pointing out a lack of evidentiary support for an essential element of Everett's claim, we look to Everett's complaint and the Government's motion to determine whether the Government met its burden.
 
 
 6
 Everett's complaint amounts to an allegation that Officer Walker used excessive force in detaining and citing him when he went to the United States Courthouse on May 10, 1985. In its motion the Government addresses the circumstances surrounding Everett's detention, justifying Walker's decision to detain and cite Everett. The Government also provided an affidavit by Walker. Walker stated that he "turned Mr. Everett around with no physical resistance from him, leaned him against the wall, and conducted a pat-down search." Walker also described Everett's belligerent verbal conduct during the episode. By this evidence the Government shifted the burden to Everett to show a genuine issue that Walker in fact used excessive force. By filing no opposing papers Everett failed to carry his burden.
 
 
 7
 The district court's summary judgment is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3